IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Josiah Roise, ) ) Plaintiffs, ) vs. ) ) Minot Police Officers, et al., ) ) Defendants. ) | **ORDER AND REPORT AND RECOMMENDATION**<br><br>Case No. 1:25-cv-091 |

Plaintiff initiated the above-captioned action with the filing of a paid *pro se* complaint on April 23, 2025. (Doc. No. 1). On April 24 2025, the Clerk issued summonses to Plaintiff for service on Defendants. (Doc. No. 3).

On July 18, 2025, counsel filed a notice of special appearance on behalf of Defendants. (Doc. No. 6). Therein counsel noted that Defendants had not been properly served and that his special appearance did not constitute a waiver of required service of process. There has since been no apparent activity in this case.

There is nothing in the record to reflect that Plaintiff has properly served Defendants. Rule 4(c)(1) of the Federal Rules of Civil Procedure provides that Plaintiff is responsible for serving Defendants with the summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Fed. R. Civ. P. 4(m) establishes the time frame in which service must be effectuated. Specifically, it provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against defendant or order that service be made within a specified time. But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Approximately 159 days have lapsed since Plaintiff filed his complaint. The summonses

issued for Defendants have not been returned executed and Plaintiff has not otherwise filed proof of service on Defendants . Consequently, there is nothing in the record to evince that Plaintiff served Defendants within the 90-day window prescribed by Rule 4(c), much less at any point since he initiated this action. This action is therefore subject to dismissal in its entirety without prejudice for failure to prosecute. See Fed. R. Civ. P. 4(m); see also Miller v. Benson, 51 F.3d 166, 168 (8th Cir. 1995) ("District courts have the inherent power to dismiss *sua sponte* for failure to prosecute, and we review the exercise of this power for abuse of discretion.").

Plaintiffs shall have until October 17, 2025, to file proof he has served Defendants with summonses and copies of the Complaint. Should Plaintiff fail to provide proof of service as directed, the undersigned **RECOMMENDS** that the Court **DISMISS** this action in its entirety without prejudice.

### NOTICE OF RIGHT TO FILE OBJECTIONS

The parties shall have until October 17, 2025, file objections to this Report and Recommendations. D.N.D. Civil L.R. 72.1(D)(3), Failure to file appropriate objections may result in recommended action without further notice or opportunity to respond.

Dated this 29th day of September, 2025.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court